UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LANNELL HENNINGTON,       )
                          )
          Petitioner,     )
                          )
     v.                   )        CAUSE NO. 3:12-CV-550 RM
                          )
SUPERINTENDENT            )
                          )
          Respondent.     )

<u>OPINION AND ORDER</u>

Lannell Hennington, a *pro se* prisoner, filed a habeas corpus petition challenging a prison disciplinary proceeding (ISP 12-03-144) held at the Indiana State Prison on March 21, 2012. The Disciplinary Hearing Body found him guilty of not providing a urine specimen in violation of B-203 and deprived him of sixty days of earned credit time. He presents five grounds in his petition.

First, Mr. Hennington argues that he was denied witnesses because two witness statements were submitted unsigned via email rather than on the official form required by State policy. Mr. Hennington didn't request either of those witnesses, so he couldn't have been denied them. Though he argues that email statements would not be admissible at trial, the Supreme Court has explained that "there would be great unwisdom in encasing the disciplinary procedures in an inflexible constitutional straitjacket that would necessarily call for adversary proceedings typical of the criminal trial. . . ." <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563 (1974). That is why "the requirements of due process are considerably relaxed in the setting of prison discipline . . .." <u>Eads v. Hanks</u>, 280 F.3d 728, 729 (7th

Cir. 2002). Mr. Hennington also argues that the Hearing Body didn't consider the statement submitted by Sgt. Malon. Why he believes this isn't clear. Sgt. Malon signed his statement on March 13, 2012 (before the March 21 hearing). Mr. Hennington has attached a copy of the statement (DE 1-1 at 4) and the Report of Disciplinary Hearing specifically lists this statement as part of the evidence considered. Perhaps he is arguing that the Hearing Body read, but didn't believe the statement. Though the Hearing Body isn't constitutionally required to believe every witness, it wouldn't be necessary to disbelieve this statement because it is not exculpatory. It merely recounts that Mr. Hennington told the collection officer that he was unable to provide any more urine because he suffered from paralysis and the officer told him that his sample was inadequate. The statement makes no reference to his requesting, or being refused, the opportunity to use a catheter.

Second, Mr. Hennington argues that the hearing officer wasn't  impartial because she received witness statements via email. "[D]ue process is satisfied so long as no member of the disciplinary board has been involved in the investigation or prosecution of the particular case, or has had any other form of personal involvement in the case." Wolff v. McDonnell, 418 U.S. 539, 592-593. Receiving a statement via email is no more involvement than if the statement had been received on paper. This alone is insufficient to demonstrate disqualifying involvement in the investigation of the charge. Mr. Hennington speculates that the hearing officer could have created these emails herself and falsified the evidence, but he provides no evidence to support this accusation. He hasn't overcome the

"presumption of honesty and integrity" that hearing officers are afforded. <u>Piggie v. Cotton</u>, 342 F.3d 660, 666 (7th Cir. 2003).

Third, he argues that he requested evidence during his screening, but the hearing officer didn't obtain it for the hearing. Mr. Hennington doesn't say what evidence he requested; rather he references the screening report. On the screening report, it says he asked for "Medical equipment that Hennington will provide." DE 1-1 at 5. Based on that, there was no reason for the hearing officer to have believed that there was any need to have obtained any physical evidence. Even without the qualification that Mr. Hennington was going to bring this evidence, the description "medical equipment" is far to vague for the hearing officer to have known what was requested. It is possible that Mr. Hennington provided a more specific description during the hearing, but that was too late to request evidence. <i>Cf.</i> <u>Sweeney v. Parke</u>, 113 F.3d 716, 720 n.5 (7th Cir. 1997) ("The law of this circuit does not entitle a prisoner to wait until the day of his hearing to request to call witnesses."). There is no evidence that Mr. Hennington was denied the opportunity to submit evidence — only that he didn't timely and specifically request evidence.

Fourth, Mr. Hennington argues that he was denied a written copy of the reasons for finding him guilty and that the Hearing Body didn't base its decision on information submitted during the hearing. Mr. Hennington doesn't say in the petition what information he thinks wasn't submitted during the hearing, but "prison disciplinary boards are entitled to receive, and act on, information that is

withheld from the prisoner and the public . . . ." <u>White v. Ind. Parole Bd.</u>, 266 F.3d 759, 767 (7th Cir. 2001). So to the extent the Hearing Body might have considered evidence reviewed outside of the hearing, that was not a due process violation. Mr. Hennington was provided with a written copy of the reasons for the decision. The Report of Disciplinary Hearing (which he signed) includes the reasons for the decision and Mr. Hennington attached a copy of that report to this petition. *See* DE 1-1 at 7. Neither this petition, nor his administrative appeal give any hint that there was a meaningful delay in giving him a copy of that report after the hearing. Rather, it appears that he is merely arguing that he disagrees with the decision. That is not a basis for habeas corpus relief.

Fifth, he argues that the Hearing Body violated various State prison policies. Violation of a State policy isn't a basis for habeas corpus relief. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) (Habeas corpus relief can only be granted for violations of "the Constitution, laws, or treaties of the United States" not "for errors of state law.").

For the foregoing reasons, the court DENIES the habeas corpus petition pursuant to 2254 Habeas Corpus Rule 4.

SO ORDERED.

ENTERED: August __29__, 2013

_____/s/ Robert L. Miller, Jr._____
Judge
United State District Court